# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | |
|---|---|
| JOE DANIEL HOLT, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 5:08-cv-02264-LSC-JEO |
| | ) |
| WARDEN GARY HETZELL, et al, | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

The petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 attacking the constitutionality of his conviction of receiving stolen property in the second degree. He alleges (1) the conviction which was obtained by plea of guilty was unlawfully induced or not made voluntarily because the petitioner's counsel erroneously advised him that he would only serve a one year sentence, and he was not told that probation was part of the plea agreement; (2) the guilty plea was obtained by coercion because petitioner's counsel threatened to withdraw from representation if the petitioner did not accept the plea deal; (3) there is no record of an indictment returned with the concurrence of at least twelve grand jurors as required by §§ 12-16-204 and 15-8-70 of the Code of Alabama (1975); (4) the petitioner was denied effective assistance of counsel; (5) the circuit court lacked jurisdiction to render judgment or impose the August 15, 2005 sentence; (6) the petitioner is being held in custody after serving the split sentence per the plea agreement; (7) the facts show that the petitioner is innocent of the crime for which he was convicted; and, (8) the court must allow the petitioner to withdraw his guilty plea because the court has failed to comply with the April 5, 2005 plea agreement. (Doc.

1).

On December 16, 2009, the magistrate judge assigned this matter entered a report and recommendation finding that the claims challenging the validity of the plea and relating to affirmative record of indictment are due to be denied as procedurally defaulted, that the claims relating to jurisdiction and probation are due to be dismissed because the petitioner has not shown that the state court determinations on these issues were contrary to or an unreasonable application of clearly established Federal law, and that the claim of actual innocence lacks merit. (Doc. 27).  The petitioner filed the following objections to the report and recommendation on December 16, 2009. (Doc. 28).

The petitioner objects to the magistrate's findings of fact, arguing that the magistrate failed to recognize that a hearing to clarify the probationary term did not take place until after petitioner had completed his one year sentence, which "reveals that probation was not addressed," presumably, at the time of his plea agreement.  *Id* at ¶ 1.  The petitioner further argues that the fact that he moved to withdraw his guilty plea on February 8, 2006, "clearly reveals that if petitioner had been advised of the consequences of probation on April 5, 2005, petitioner would not have pled guilty and would have insisted on going to trial."  *Id.* at ¶ 2.  The petitioner's conclusory objections are due to be overruled.

The petitioner argues that the magistrate's report incorrectly states that his first Rule 32 petition was dismissed by the Circuit Court on February 6, 2006.  *Id.* at ¶ 3.  In fact, the magistrate correctly notes that, in one place, the order is incorrectly dated "January 6, 2006," a point over which the petitioner "makes much ado." (Doc. 27, p. 5, n.9).  Accordingly, this objection to the magistrate's finding of fact is due to be overruled.

The petitioner's next objection that the magistrate did not "acknowledge that petitioner was not advised or informed of the dismissal of the first Rule 32 petition until petitioner filed his amended Rule 32 petition on April 4, 2008" is due to be overruled. (Doc. 28, ¶¶ 4 & 6). In fact, the magistrate does acknowledge the petitioner's assertion that he never received a copy of the order dismissing petitioner's appeal as a nonappealable matter. (Doc. 27, pp. 4-5, n.8). Furthermore, inasmuch as the petitioner attempts to claim lack of notice of the dismissal as an excuse for failing to file a timely appeal (doc. 28, ¶ 7), the objection is overruled.[1]

The petitioner's additional objections,[2] which are merely restatements of the claims[3] raised in the petition, are overruled for the reasons stated in the magistrate's report. The court has considered the entire file in this action together with the Magistrate Judge's Report and Recommendation and has reached an independent conclusion that the Magistrate Judge's Report

---

[1] Where a petitioner has procedurally defaulted on a claim by failing to raise it on direct review, the default may only be overcome if the petitioner can first demonstrate either cause and actual prejudice, or that he is actually innocent. *Murray v. Carrier*, 477 U.S. 478, 485 & 496, 106 S. Ct. 2639, 2643-44, 91 L. Ed. 2d 397 (1986); *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S. Ct. 2497, 2506-07, 53 L. Ed. 2d 594 (1977). Neither showing is made by the petitioner in this action.

[2] The petitioner also argues that because the October 17, 2005 charges which led to his arrest and parole revocation were dismissed, his incarceration constitutes a deprivation of liberty without due process. (Doc. 28, ¶ 5). However, this claim was not raised in the petition. Objections to the report and recommendation of the magistrate judge are not the proper vehicle to raise new claims. Alternatively, it also appears to be without merit.

[3] The petitioner restates his original claims that the jurisdictional claim may be raised at any time and is therefore not procedurally barred, that the Alabama State Courts did not address his actual innocence claim on the merits (doc. 28, ¶¶ 8-11), that the trial court lacked subject matter jurisdiction to dismiss petitioner's first Rule 32 petition prior to granting his application to proceed *in forma pauperis*, (doc. 28, ¶ 12), and that the alleged re-sentencing of probation after petitioner served part of his split sentence constitutes "double punishment for the same conviction" (doc. 28, ¶ 13).

and Recommendation is due to be adopted and approved. The court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court. In accord with the recommendation, the writ of habeas corpus is due to be dismissed. An appropriate order will be entered.

Done this 1st day of March 2010.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
153671